1834.

CAREY
*v.*
HATCH.

### CAREY and another *v.* HATCH and others.

The signature of counsel ought to appear to a bill on file ; and if it be not, the same is ground for a motion to take the bill off the files of the Court.

*March* 11.
1834.

*Practice.*
*Bill.*
*Signature of*
*Counsel.*

The bill had been sworn to ; and an injunction granted. After appearance, a copy of the bill was served. Neither the copy nor the original on file was signed with any counsel's name.

A motion, on this ground, was now made by one of the defendants to take the bill off the files or for such other order as the court might grant. An affidavit was made by the solicitor for this defendant, showing that the pleading was a sworn bill and that an injunction had been issued and served : and the notice of the motion was founded upon this affidavit, the bill on file and the copy served.

Mr. *A. Williams* for the motion, cited *Parkers' Chancery Pract.* 2. ; *Dillon* v. *Francis*, 1. Dick. 68. ; *French* v. *Dear*, 5. Ves. 547. ; *Kirkley* v. *Burton*, 5. Mad. C. R. 378.

Mr. *O'Connor* objected to the motion, on the ground of its not being competent to one defendant thus to dismiss a bill in which other defendants, who did not join in this motion, were interested ; and upon the point of counsel's signature referred to *Sears* v. *Hyer*, 1. Paige's C. R. 483.

THE VICE CHANCELLOR :—The notice in this case must be deemed sufficient. It was enough to apprise the complainant's solicitor. And I have no doubt that any one defendant may bring the present question before the court.

It was my understanding of the practice at the time I

was at the bar and has been since, that the signature of counsel is necessary to all bills as well as answers. And experience has taught me the propriety of requiring it. The younger members of the profession are too neglectful in asking aid of counsel in preparing their pleadings. If they were more studious of this, the time of the court would be often very much saved and its records appear to more advantage. And I must also add, that even counsel are not careful enough with their signature. They sometimes sign pleadings which I have been inclined to think they have never read.

The question now before the court may be considered as having come up incidentally before the chancellor in *Rogers* v. *Rogers*, 2. Paige's C. R. 458. The case involved important questions in relation to the taxation of costs.

The chancellor there shows the propriety and even necessity of having the signature of counsel to all bills, (whether sworn to or not.) And the same thing is evidently recognized by him again in *Littlejohn* v. *Munn*, 3. Paige's C. R. 280.: although, it is true, that the copy of the bill there served was wanting in more particulars than the present one. The chancellor mentions the signature of counsel as being necessary upon the copy to be served : and thus shows it ought to appear upon the original on file.

The complainant's solicitor has given, by affidavit, some excuse for the omission. He states that counsel was retained and perused the bill and that the solicitor went to the office of the former for his signature, but did not find him. I do not know whether, under these circumstances, it will be right to have the bill struck off the files of the court; although I hold a motion to that effect may be sustained in an ordinary case. My inclination is to permit the counsel for the complainants to sign his name now to the bill.

The matter is then reduced to a question of costs. These were given in the case of *Littlejohn* v. *Munn*. There is the same reason here ; and this defendant is entitled to the costs of the motion and the entry of the order consequent thereon.